# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 9, 2020

Lyle W. Cayce
Clerk

No. 18-60608

LIBERTY MUTUAL FIRE INSURANCE COMPANY, as subrogee of
Chickasaw County School District,

       Plaintiff - Appellee

v.

FOWLKES PLUMBING, L.L.C.; SULLIVAN ENTERPRISES,
INCORPORATED; QUALITY HEAT ; AIR, INCORPORATED,

       Defendants - Appellants

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:17-CV-10

Before HIGGINBOTHAM, JONES, and COSTA, Circuit Judges.

PER CURIAM:*

While contractors were restoring windows at a school, a fire broke out
that destroyed the school. The school district's insurer paid for the damage,
but then brought this subrogation claim against the contractors. In response,
the contractors asserted that a subrogation waiver in their agreement with the
school district bars the suit. The district court disagreed, holding that the
subrogation waiver relieves the contractors of liability only for damage to the

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 18-60608

windows that were the focus of their work.  The waiver does not, in the district court's view, apply to the damage to the rest of the school.

Recognizing that the scope of the subrogation waiver is a close question on which courts around the country have disagreed, the district court authorized an interlocutory appeal, which we accepted.  *See* 28 U.S.C. § 1292(b).  We then certified the question to the Supreme Court of Mississippi. *See Liberty Mut. Fire Insur. Co. v. Fowlkes Plumbing, L.L.C.,* 934 F.3d 424 (5th Cir. 2019).

The Supreme Court of Mississippi ruled that "the waiver of subrogation applies to work and non-work property."  *Liberty Mut. Fire Insur. Co. v. Fowlkes Plumbing, L.L.C.,* -- So. 3d --, 2020 WL 830904, at *4 (Miss. Feb. 20, 2020).  It explained that the subrogation waiver "operates as a blanket waiver of property damage to the extent that the property is covered by insurance." *Id.* at *2.  It further reasoned that the "phrase 'to the extent the property is covered by insurance' means that any damage that is paid by insurance proceeds is covered.'" *Id.*

Because the Supreme Court of Mississippi has concluded that the subrogation waiver covers all damage to the school, the waiver provides the contractors with a complete defense to this subrogation suit.  Accordingly, we REVERSE the district court's ruling and RENDER judgment dismissing the complaint.